**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5171**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MICHAEL HARDY,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:10-cr-00048-2)

_____

Submitted:  September 28, 2012     Decided:  October 15, 2012

_____

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Herbert L. Hively, II, Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, Monica D. Coleman, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Hardy was charged in a two-count indictment with aiding and abetting the distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 2, 841(a)(1) (2006). The evidence presented at Hardy's trial, viewed in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), was as follows. On December 2, 2009, a confidential informant working with the Metropolitan Drug Enforcement Network Team (MDENT) of Kanawha County, West Virginia, arranged, via telephone, to make a controlled purchase of an ounce of cocaine from Hardy for $1200.00. The informant arrived at the designated meeting place—a Hardee's restaurant in Charleston, West Virginia—and, upon direction from Hardy, completed the purchase from Hardy's associate. One week later, the informant again arranged, via telephone, to purchase an ounce of crack cocaine from Hardy. Hardy instructed him to go to a 7-11 parking lot where the informant again purchased an ounce of crack from Hardy's associate (who was arrested shortly after the exchange).

A consensual search of Hardy's residence later that day revealed three sets of digital scales, $3400 in cash, and crack cocaine residue in a bathroom sink. In a recorded statement, Hardy admitted receiving a call from the informant, who was looking for crack cocaine, and that he (Hardy) had put

2

the informant in touch with his associate.  The jury found Hardy guilty of both counts; the district court imposed a 144-month term of imprisonment.  Hardy noted a timely appeal.

Hardy raises two claims on appeal:  (1) the evidence was insufficient to support his conviction; and (2) he was denied effective assistance of counsel.  An appellant challenging the sufficiency of the evidence faces a heavy burden.  See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).  "[A]n appellate court's reversal of a conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'"  United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).  A verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).

The elements of distribution are "(1) distribution of [a] narcotic controlled substance, (2) knowledge of the distribution, and (3) intent to distribute the narcotic controlled substance."  United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999).  To establish aiding and abetting, "the [G]overnment must show that the defendant knowingly associated himself with and participated in the criminal venture."  United States v. Kingrea, 573 F.3d 186, 197 (4th Cir. 2009).

3

We find that the evidence outlined above clearly supported the jury's verdict. Hardy's argument that "the government did not present sufficient evidence to sustain convictions," without identifying the specific shortcomings in the prosecution's case falls far short of establishing that the "prosecution's failure is clear." See Burks, 437 U.S. at 17.

Hardy also argues that he was denied effective assistance of counsel because his attorney failed to adequately cross-examine government witnesses at trial. Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not cognizable on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), in order to promote sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because counsel's ineffectiveness is not conclusively established by the record here, we decline to consider this claim at this juncture.

We grant Hardy's motion to file a pro se supplemental brief. However our review of the claims raised therein reveal no reversible error. Accordingly, we affirm Hardy's conviction. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED